UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>    Defendants. | Case No. 5:18-cv-1882-JGB-SHK<br><br>**ORDER GRANTING MONSTER ENERGY COMPANY'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**<br><br>Dist. Judge: Hon. Jesus G. Bernal<br>Mag. Judge: Hon. Shashi H. Kewalramani |

1      Currently before the Court is Plaintiff Monster Energy Company's ("Monster")

2  Ex Parte Application for an Order Certifying Judgment for Registration in Another

3  District ("Application").

4      This Court, having considered Monster's Application, and all papers and

5  evidence submitted, **GRANTS** Monster's Application.  The Court finds that good

6  cause exists pursuant to 28 U.S.C. § 1963 to certify the judgment against Defendant

7  John H. "Jack" Owoc ("Mr. Owoc") for registration in the United States District Court

8  for the Southern District of Florida (the "Southern District of Florida").  Although

9  Mr. Owoc lacks sufficient assets in California to satisfy the judgment, Mr. Owoc has

10  substantial assets in the Southern District of Florida.  Declaration of Allison L. Libeu

11  dated February 14, 2024 ("Libeu Decl.") ¶ 4 & Exs. 7, 9, 11; *see Columbia Pictures*

12  *Television, Inc. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th

13  Cir. 2001) (good cause exists to certify a judgment pending appeal when evidence

14  shows "an absence of assets in the judgment forum, coupled with the presence of

15  substantial assets in the registration forum").  Good cause also exists because

16  Mr. Owoc has engaged in recent asset transfers that suggest a "willingness to

17  manipulate assets in order to frustrate collection." *See In re Reddy*, 589 B.R. 867, 874

18  (Bankr. E.D. Cal. 2018).

19      The Court also finds that good cause exists to grant Monster's requested relief

20  on an ex parte basis.  Monster has established the existence of "temporal urgency such

21  that immediate and irreparable harm will occur if there is any delay in obtaining relief."

22  *Mission Power Eng'g Co. v. Cont. Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

23  There is substantial evidence that Mr. Owoc is liquidating or attempting to liquidate

24  certain real estate assets.  (*See* Libeu Decl., Exs. 8, 10.)  A delay in registering the

25  judgment in the Southern District of Florida risks that those properties may be sold in

26  the interim and the proceeds of sale lost as potential sources to satisfy the judgment.

27  *See UMG Recordings, Inc. v. BCD Music Group, Inc.*, 2012 WL 12882702, at *2 (C.D.

28  Cal. Oct. 3, 2012) (finding that an ex parte application for an order certifying judgment

for registration was warranted because of the "significant risk based on [ ] past conduct that [defendant] will attempt to transfer or otherwise remove the assets from New York if [plaintiff's] request is heard as a regularly noticed motion"). Delay in registering the judgment will also delay Monster's ability to obtain a lien on Mr. Owoc's assets, thus increasing the risk that the judgment will not be satisfied.

The Court also finds that Monster is "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. This Court entered the judgment on January 11, 2024. (ECF 1073.) Monster filed this Application promptly upon expiration of the automatic 30-day stay on enforcement of the judgment. *See* Fed. R. Civ. P. 62(a).

The Court thus hereby orders that the judgment shall be certified for registration in the Southern District of Florida.

The Court directs the Clerk of Court enter the Clerk's Certification of a Judgment to be Registered in Another District attached hereto as **Exhibit A**. The Court has modified form AO 451 to reflect that it may be entered notwithstanding Mr. Owoc's appeal because Mr. Owoc has not provided a bond or other security required to stay enforcement of the Judgment beyond the 30 days provided by Federal Rule of Civil Procedure 62(a).

**IT IS SO ORDERED.**

Dated:  February 29, 2024

Hon. Jesus G. Bernal
United States District Judge

# EXHIBIT A

AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Central District of California   ☑

| | |
|---|---|
| Monster Energy Company | ) |
| *Plaintiff* | ) |
| v. | ) |
| Vital Pharmaceuticals, Inc. and John H. Owoc | ) |
| *Defendant* | ) |

Civil Action  No. 5:18-cv-1882-JGB-SHK

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*  January 11, 2024 .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending. or no bond or other security has been provided pursuant to Fed. R. Civ. P. 62(b).

Date:  February 29, 2024

Brian D. Karth,
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>      Plaintiff,<br><br>    vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>      Defendants. | Case No. 5:18-cv-1882-JGB-SHK<br><br>**JUDGMENT**<br><br>Hon. Jesus G. Bernal |

Plaintiff Monster Energy Company ("Monster") filed its First Amended Complaint against Defendants Vital Pharmaceuticals, Inc. ("VPX" or "Vital") and John H. "Jack" Owoc ("Owoc" or "Mr. Owoc," and collectively with VPX, "Defendants") on April 3, 2019.   (Dkt. No. 61.)   The First Amended Complaint asserted twelve causes of action against Defendants: (1) violation of Section 43(a) of the Lanham Act, 15 § U.S.C.; (2) violation of California's Unfair Competition Law under California Business and Professions Code §§ 17200, et seq.; (3) violation of California's False Advertising Law under California Business and Professions Code §§ 17500, et seq.; (4) trade libel under California common law; (5) intentional interference with contractual relations under California common law; (6) intentional interference with prospective economic relations under California common law; (7) conversion under California common law; (8) larceny in violation of California Penal Code § 496; (9) false patent marking under 35 U.S.C. § 292; (10) violation of the California Uniform Trade Secrets Act under California Civil Code § 3426 et seq.; (11) violation of the Defend Trade Secrets Act under 18 U.S.C. § 1836 et seq.; and (12) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.

On April 17, 2019, Defendants filed a Motion to Dismiss the First Amended Complaint ("Motion to Dismiss").   (Dkt. No. 81.)   On May 20, 2019, the Court granted in part and denied in part Defendants' Motion to Dismiss.   (Dkt. No. 95.)   The Court dismissed Monster's causes of action for trade libel, conversion, larceny, and false patent marking.   The Court denied Defendants' Motion to Dismiss with respect to Monster's remaining causes of action.

On June 24, 2021, VPX filed a Motion for Summary Judgment.   (Dkt. No. 438.) On April 19, 2022, the Court granted in part and denied in part VPX's Motion for Summary Judgment.   (Dkt. No. 740.)   The Court granted VPX's Motion for Summary Judgment with respect to Monster's cause of action for intentional interference with prospective economic relations but denied the Motion for Summary Judgment with respect to Monster's remaining causes of action.

1    On June 24, 2021, Mr. Owoc filed a Motion for Summary Judgment.   (Dkt.

2  No. 446.)  On April 19, 2022, the Court granted in part and denied in part Mr. Owoc's

3  Motion for Summary Judgment.   (Dkt. No. 740.)   The Court granted Mr. Owoc's

4  Motion for Summary Judgment with respect to Monster's causes of action for

5  intentional interference with prospective economic relations, violation of the

6  California Uniform Trade Secrets Act, violation of the Defend Trade Secrets Act, and

7  violation of the Computer Fraud and Abuse Act.   The Court denied Mr. Owoc's

8  Motion for Summary Judgment with respect to Monster's remaining causes of action.

9    This action came regularly for trial starting on August 25, 2022, before the

10  Hon. Jesus G. Bernal presiding.  Monster was represented by Hueston Hennigan LLP.

11  VPX and Mr. Owoc were represented by Quarles & Brady LLP.

12    After hearing the evidence and arguments of counsel, and after receiving

13  instruction on the law, on September 29, 2022, the jury unanimously found as follows:

14  ### **FALSE ADVERTISING – LANHAM ACT**

15  1. Are Defendants Vital Pharmaceuticals, Inc. ("VPX") and/or John H. "Jack"

16  Owoc liable for false advertising under the Lanham Act?

17
18    (a)   **VPX**:       Yes (for Monster) ___X___       No (for VPX) _____

19    (b)   **Owoc**:     Yes (for Monster) ___X___       No (for Owoc) _____

20
21    *(If you answered "Yes" to Question 1(a), 1(b), or both, continue to Question 2.*

22  *Otherwise, skip to Question 4.)*

23    2. We award Monster the following damages sustained by Monster for VPX's

24  and/or Owoc's false advertising:

25
26    _____$271,924,174_____

27
28    *(Continue to Question 3.)*

3.  Was VPX's and/or Owoc's false advertising willful and deliberate?

    (a)   **VPX**:    Yes (for Monster)   X      No (for VPX)      

    (b)   **Owoc**:    Yes (for Monster)   X      No (for Owoc)      

*(Continue to Question 4.)*

## INTENTIONAL INTERFERENCE WITH CONTRACT – CALIFORNIA COMMON LAW

4.  Did VPX and/or Owoc intentionally interfere with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

### Circle K

    (a)   **VPX**:    Yes (for Monster)   X      No (for VPX)      

    (b)   **Owoc**:    Yes (for Monster)        No (for Owoc)   X  

### AM PM

    (a)   **VPX**:    Yes (for Monster)   X      No (for VPX)      

    (b)   **Owoc**:    Yes (for Monster)        No (for Owoc)   X  

### Wal-Mart

    (a)   **VPX**:    Yes (for Monster)   X      No (for VPX)      

    (b)   **Owoc**:    Yes (for Monster)        No (for Owoc)   X  

*(If you answered "Yes" to any of the above, continue to Question 5. Otherwise, skip to Question 7.)*

- 4 -

JUDGMENT

5. We award Monster the following damages for VPX's and/or Owoc's intentional interference with Monster's contracts with Circle K, AM PM, and/or Wal-Mart:

$18,000,000

*(Continue to Question 6.)*

6. Did VPX and/or Owoc act maliciously, oppressively, fraudulently, or in reckless disregard of Monster's rights by intentionally interfering with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

(a) **VPX**:        Yes (for Monster) __X__         No (for VPX) _____

(b) **Owoc**:        Yes (for Monster) _____         No (for Owoc) __X__

*(Continue to Question 7.)*

## <u>TRADE SECRET MISAPPROPRIATION</u>

7. Did VPX misappropriate Monster's claimed trade secrets in violation of the Defend Trade Secrets Act?

Yes (for Monster) __X__         No (for VPX) _____

*(Continue to Question 8.)*

8. Did VPX misappropriate Monster's claimed trade secrets in violation of the California Uniform Trade Secrets Act?

Yes (for Monster) __X__         No (for VPX) _____

*(If you answered "Yes" to **either of** Questions 7 or 8, continue to Question 9. Otherwise, skip to Question 11.)*

9. We award Monster the following damages for VPX's misappropriation of Monster's trade secrets:

_____ $3,000,000 _____

*(Continue to Question 10.)*

10. Did VPX maliciously and willfully misappropriate Monster's trade secrets?

Yes (for Monster) _____ X _____      No (for VPX) _____

*(Continue to Question 11.)*

### **COMPUTER FRAUD AND ABUSE ACT**

11. Did VPX violate the Computer Fraud and Abuse Act?

Yes (for Monster) __ X ___      No (for VPX) _____

*(If you answered "Yes" to Question 11, continue to Question 12. Otherwise, skip to the Concluding Instructions.)*

12. We award Monster the following damages for VPX's violation of the Computer Fraud and Abuse Act:

_____ $15,587 _____

*(Continue to the Concluding Instructions.)*

The jury's verdict was filed in the Court's Docket at Dkt. No. 890 and is hereby incorporated by reference.

On December 8, 2022, Monster filed a Motion for a Permanent Injunction to Enjoin Defendants' False Advertising of "Super Creatine" and Creatine ("Motion for a Permanent Injunction"). (Dkt. No. 901). On April 12, 2023, the Court granted

Monster's Motion for a Permanent Injunction.  The Court's Order (1) GRANTING Plaintiff's Motion for a Permanent Injunction (Dkt. No. 901); and (2) VACATING the April 24, 2023 Hearing (IN CHAMBERS) was filed in the Court's Docket as Dkt. No. 964 and is hereby incorporated by reference.

On February 23, 2023, VPX filed a Motion for Judgment Notwithstanding the Verdict ("JNOV"), New Trial, and Remittitur (Dkt. No. 921), which Mr. Owoc joined (Dkt. No. 922).  On October 6, 2023, the Court denied VPX's Motion for JNOV, New Trial, and Remittitur.  (Dkt. No. 1050.)

On February 23, 2023, Monster filed a Post-Verdict Motion for Equitable Relief, Fees, and Costs (the "Post-Verdict Motion").  (Dkt. No. 928.)  On October 6, 2023, the Court granted in part and denied in part Monster's Post-Verdict Motion, (Dkt. No. 1050), ordering the following relief:

| Claim | Relief |
|---|---|
| False Advertising in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, <u>et seq.</u> and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, <u>et seq.</u> | Judgment in Monster's favor and against Defendants Vital and Mr. Owoc. <br><br> Permanent injunction as requested in Monster's Motion for Permanent Injunction to Enjoin Defendants' False Advertising of "Super Creatine" and Creatine. |
| False Advertising in violation of the Lanham Act, 15 U.S.C § 1125(a)(1)(B) | Prejudgment interest in the amount of *$13,786,557.30 to September 29, 2023*, plus an additional $37,771.39 for every day thereafter until entry of judgment. |
| Intentional interference with contract | Permanent injunction preventing Vital from interfering with Monster's contracted-for shelf space at all retail locations. <br><br> Prejudgment interest in the amount of *$1,259,998.25 to September 29, 2023*, plus an additional $3,452.05 per day thereafter through entry of judgment. |

| Claim | Relief |
|---|---|
| Trade Secret Misappropriation in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., and the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, et seq. | Permanent injunction requiring Vital to identify and quarantine Monster's trade secrets in its possession and preventing Vital from disclosing or using Monster's trade secrets. Expert witness expenses in the amount of $101,028.60. Prejudgment interest in the amount of **$209,999.10 to September 29, 2023**, plus an additional $575.34 per day thereafter through entry of judgment. |
| Attorneys' Fees under the Lanham Act, DTSA, and CUTSA | Attorneys' fees in the amount of $20,972,953.90. |
| Costs under all claims | Costs in the amount of $6,709,552.18. |

The Court's Order (1) DENYING Defendant's Motion for New Trial, Judgment Notwithstanding the Verdict, or Remittitur (Dkt. No. 921); (2) GRANTING-IN-PART Plaintiff's Motion for Equitable Relief, Fees, and Costs (Dkt. No. 928); (3) DENYING Defendant's Request for Clarification (Dkt. No. 1035); and (4) DENYING Defendant's Application to File Supplemental Opposition Under Seal (Dkt. No. 1038) (IN CHAMBERS) was filed in the Court's Docket as Dkt. No. 1050 and is hereby incorporated by reference.

On October 9, 2023, Mr. Owoc filed a Motion to Dissolve Permanent Injunction ("Dissolution Motion"). (Dkt. No. 1051.) On December 14, 2023, the Court denied the Dissolution Motion. (Dkt. No. 1071.)

On October 13, 2023, Mr. Owoc filed a Motion for an Order Modifying the Court's October 6, 2023 Order ("Modification Motion"). (Dkt. No. 1053.) On December 14, 2023, the Court granted the Modification Motion (Dkt. No. 1071) and

1   modified its October 6, 2023 Order, with respect to the award of attorneys' fees and

2   costs only, as follows:

| Claim | Relief |
|---|---|
| Attorneys' Fees under the Lanham Act | Attorneys' fees in the amount of $16,778,363.10. |
| Attorneys' Fees under the DTSA and CUTSA | Attorneys' fees in the amount of $4,194,590.78. |
| Costs under the Lanham Act | Costs in the amount of $5,367,641.74. |
| Costs under the DTSA and CUTSA | Costs in the amount of $1,341,910.44. |

12   **BASED UPON THE FOREGOING, IT IS ORDERED, ADJUDGED AND**

13   **DECREED** that Judgment be entered as follows:

14   **1.    False advertising in Violation of the Lanham Act, 15 U.S.C.**

15   **§ 1125(a)(1)(B)**

16   Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are liable for false

17   advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Vital

18   Pharmaceuticals, Inc.'s and John H. "Jack" Owoc's false advertising was willful and

19   deliberate. Judgment is entered in favor of Monster Energy Company and against

20   Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, jointly and severally, in the

21   amount of $271,924,174, plus attorneys' fees in the amount of $16,778,363.10, plus

22   costs in in the amount of $5,367,641.74, plus prejudgment interest in the amount of

23   $13,786,557.30 to September 29, 2023, plus an additional $37,771.39 per day from

24   September 30, 2023 to the date of this judgment. Monster is also awarded

25   post-judgment interest pursuant to 28 U.S.C. § 1961.

In addition, as of April 12, 2023, the Court issued a permanent injunction (the "Permanent Injunction"), enjoining Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc as follows:

Defendant Vital Pharmaceuticals, Inc. ("VPX"), Defendant John H. "Jack" Owoc ("Mr. Owoc"), and all Defendants' officers, agents, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, and attorneys, and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

1. The Enjoined Persons are permanently enjoined from falsely or deceptively using, expressly or impliedly, the word "creatine"—whether alone or together with other words—in selling, offering to sell, marketing, promoting, or advertising any BANG energy drink or any other beverage purporting to contain creatyl-L-leucine, Super Creatine, creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule ("BANG Drinks"), including, but not limited to: (1) on any BANG Drinks cans, labels, or packaging; (2) in any presentations, messages, or other communications with third parties, including retailers and potential retailers, distributors and potential distributors, and consumers and potential consumers; (3) in physical locations, including, but not limited to, retail stores, trade shows, expositions, experiential events, fitness clubs, and gyms; (4) in point-of-sale materials, including, but not limited to, free standing display units, counter display units, display stands, standees, posters, banners, mobiles, endcaps, shelf edging, dummy packs, display packs, strut cards, stickers, statics, wobblers, suction cups, and hanging signs ("POS Material"); and (5) in any media, including, but not limited to, print, broadcast, the internet, websites, social

media (including Instagram, TikTok, YouTube, Facebook, and Twitter), billboards, posters, street teams, promotional booths, wrapped vehicles, mobile applications, and product pages on which any of the Enjoined Persons controls the displayed content (including, as applicable, The Vitamin Shoppe, Amazon, and Walmart) ("Media").

2. Without in any way limiting the generality of the restraint set forth in paragraph 1, the Enjoined Persons are permanently enjoined from falsely or deceptively stating, implying, depicting, or otherwise communicating in selling, offering to sell, marketing, promoting, or advertising in the United States that: (1) BANG Drinks contain "Super Creatine," creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; (2) BANG Drinks provide the physical, mental, health, or any other benefits of creatine; (3) "Super Creatine" is creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; (4) "Super Creatine" provides the physical, mental, health, or any other benefits of creatine; (5) creatyl-L-leucine is "Super Creatine," creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; and (6) creatyl-L-leucine provides the physical, mental, health, or any other benefits of creatine (together, the "Enjoined Claims").

3. Within seven (7) business days of the issuance of this Permanent Injunction, Defendants must deliver a copy of this Permanent Injunction to all Enjoined Persons.  Defendants must deliver a copy of this Permanent Injunction to all new Enjoined Persons within seven (7) business days of the date on which such persons become Enjoined Persons (e.g., hiring).

4. Within sixty (60) days of the issuance of this Permanent Injunction:

    a. The Enjoined Persons must remove the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims, from all BANG Drinks cans, labels, and packaging;

    b. The Enjoined Persons must remove and/or cause to be removed from all physical locations and web-based points of sale, including, but not limited to, websites, retail stores, trade shows, expositions, experiential events, fitness clubs, and gyms, all cans, labels, packaging, and POS Material for BANG Drinks that use or contain the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims and that were placed by the Enjoined Persons or at the direction of the Enjoined Persons; and

    c. The Enjoined Persons must remove from all Media all materials selling, offering to sell, marketing, promoting, or advertising any BANG Drinks—including all videos and pictures showing the BANG Drinks can, label, or packaging—that use or contain the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims that were posted by the Enjoined Persons or at the direction of the Enjoined Persons.

5. Within sixty (60) days of the issuance of this Permanent Injunction:

    a. For a period of one (1) month, Defendants must post on all webpages they use to sell, offer to sell, market, promote, or advertise any BANG Drinks (including bangenergy.com and vpxsports.com) and on all their social media accounts (including Instagram, TikTok, YouTube, Facebook, and Twitter) the language

in paragraph 5(i) below (the "Corrective Statement"). The Corrective Statement shall be: in a font size at least as large as the most prominent language on the page; and immediately adjacent to the most prominent language on the landing page of each website or pinned or otherwise saved as the first post on each social media account. For avoidance of doubt, if multiple webpages on a website sell, offer to sell, market, promote, or advertise BANG Drinks, Defendants must include the Corrective Statement on each such webpage.

   i. "In September 2022, a jury issued a unanimous verdict finding that Vital Pharmaceuticals, Inc. (d/b/a Bang Energy) ("VPX") and former Chief Executive Officer John H. "Jack" Owoc willfully and deliberately engaged in false advertising by claiming that the BANG energy drink contains creatine, contains "Super Creatine," and provides the benefits of creatine. The United States District Court for the Central District of California has permanently enjoined VPX and Mr. Owoc from falsely or deceptively selling, offering to sell, marketing, promoting, or advertising BANG as containing creatine, as containing "Super Creatine," or as providing the benefits of creatine."

b. Defendants must deliver to all retailers, e-commerce websites, brokers, distributors, dealers, wholesalers, importers, influencers, and other non-consumers who they have worked with to sell, offer to sell, market, promote, or advertise BANG Drinks a written, signed notice, in the form of Exhibit A below, that includes a copy of this Permanent Injunction. For a period of one (1) month, Defendants have an ongoing obligation to deliver a written, signed

- 13 -

1  notice, in the form of Exhibit A below, that includes a copy of this
2  Permanent Injunction to all retailers, e-commerce websites,
3  brokers, distributors, dealers, wholesalers, importers, influencers,
4  and other non-consumers who Defendants work with to sell, offer
5  to sell, market, promote, or advertise BANG Drinks.

6

7  **Exhibit A**

8  To:        Our Valued Customers and Partners

9  Subject:   Corrective Statement Relating to VPX's Advertising and Promotion of
10             "Super Creatine"

11      In September 2018, Monster Energy Company filed a civil suit against Vital
12  Pharmaceuticals, Inc. d/b/a Bang Energy ("VPX") and its former Chief Executive
13  Officer John H. "Jack" Owoc, alleging false and misleading advertising. In September
14  2022, a jury issued a unanimous verdict finding that VPX and Mr. Owoc willfully and
15  deliberately engaged in false advertising by claiming that the BANG energy drink
16  contains creatine, contains "Super Creatine," and provides the benefits of creatine.

17      On April 12, 2023, the United States District Court for the Central District of
18  California issued a permanent injunction enjoining VPX and Mr. Owoc from falsely
19  or deceptively selling, offering to sell, marketing, promoting, or advertising BANG as
20  containing creatine, as containing "Super Creatine," or as providing the benefits of
21  creatine ("Permanent Injunction"). Attached as Exhibit 1 to this letter is a copy of the
22  Permanent Injunction.

23      As part of the Permanent Injunction, the Court ordered removal of the term
24  "creatine," whether alone or together with other words, from the BANG can, label,
25  and packaging.  The Court also ordered removal of all cans, labels, packaging, and
26  point-of-sale materials for BANG that use the term "creatine," whether alone or
27  together with other words that state, imply, depict, or otherwise communicate the
28  Enjoined Claims (as defined in the Permanent Injunction), from all physical and

1   web-based points of sale, including, but not limited to, retail stores, websites,

2   trade shows, fitness clubs, and gyms.   The Court also ordered removal from

3   public  availability all materials selling, offering to sell, marketing, promoting, or

4   advertising BANG—including videos and pictures showing the BANG can, label, or

5   packaging—that use the terms "creatine" whether alone or together with other

6   words that state, imply, depict, or otherwise communicate the Enjoined Claims.

7

8

9        **2.     False Advertising in Violation of California's Unfair Competition**

10            **Law, Cal Bus. & Prof. Code § 17200, <u>et seq.</u>**

11        On Monster Energy Company's claim for violation of California's Unfair

12   Competition Law, Cal Bus. & Prof. Code § 17200, <u>et seq.</u>, judgment is entered in favor

13   of Monster Energy Company and against Vital Pharmaceuticals, Inc. and John H.

14   "Jack" Owoc.  Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are permanently

15   enjoined as set forth in the Permanent Injunction.

16        **3.     False Advertising in Violation of California's False Advertising Law,**

17            **Cal. Bus. & Prof. Code § 17500, <u>et seq.</u>**

18        On Monster Energy Company's claim for violation of California's False

19   Advertising Law, Cal. Bus. & Prof. Code § 17500, <u>et seq.</u>, judgment is entered in favor

20   of Monster Energy Company and against Vital Pharmaceuticals, Inc. and John H.

21   "Jack" Owoc.  Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are permanently

22   enjoined as set forth in the Permanent Injunction.

23        **4.     Trade Libel Under California Common Law**

24        Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack"

25   Owoc, and against Monster Energy Company, on the claim for trade libel.

26

27

28

**5. Intentional Interference with Contractual Relations Under California Common Law**

On Monster Energy Company's claim for intentional interference with contractual relations, Vital Pharmaceuticals, Inc. is liable for intentionally interfering with Monster Energy Company's contracts with Circle K, AM PM, and Walmart. Vital Pharmaceuticals, Inc. acted maliciously, oppressively, fraudulently, or in reckless disregard of Monster Energy Company's rights by intentionally interfering with Monster's contracts with Circle K, AM PM, and Walmart. Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $18,000,000, plus prejudgment interest in the amount of $1,259,998.25 to September 29, 2023, plus an additional $3,452.05 per day from September 30, 2023 to the date of this judgment. Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

In addition, as of October 6, 2023, the Court issued a permanent injunction (the "Interference Injunction"), enjoining Vital Pharmaceuticals, Inc. as follows:

Defendant Vital Pharmaceuticals, Inc. ("VPX"), and all of VPX's officers, agents, distributors, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, attorneys, and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

1. The Enjoined Persons are permanently enjoined from:

    a. Placing VPX products on or in any shelf, shelving unit, cooler vault, reach-in cooler, barrel cooler, rack, display unit, floor stand, countertop display, checkout display, point-of-sale display, store window display, gondola display unit, sidekick display unit, display case, endcap unit, aisle unit, wobbler, or other retail space (collectively, "Retail Space") that the Enjoined Persons know or

1     have reason to know is secured by Monster through an existing

2     contract;

3     b. Removing any Monster products from any Retail Space that the

4     Enjoined Persons know or have reason to know is secured by

5     Monster through an existing contract; and

6     c. Taking any action to conceal, cover up, obscure, hide, block, or

7     otherwise keep from view any Monster products on or in any Retail

8     Space that the Enjoined Persons know or have reason to know is

9     secured by Monster through an existing contract.

10     2. The Enjoined Persons are permanently enjoined from causing, inducing,

11     or attempting to cause or induce any retailer—including, but not limited

12     to, Circle K, AM PM, and Walmart—and all employees or other persons

13     under their respective direction, supervision, and/or control to:

14     a. Place VPX products on or in any Retail Space that the Enjoined

15     Persons know or have reason to know is secured by Monster

16     through an existing contract;

17     b. Remove any Monster products from any Retail Space that the

18     Enjoined Persons know or have reason to know is secured by

19     Monster through an existing contract; and

20     c. Take any action to conceal, cover up, obscure, hide, block, or

21     otherwise keep from view any Monster products on or in any Retail

22     Space that the Enjoined Persons know or have reason to know is

23     secured by Monster through an existing contract.

24     Judgment is entered in favor of John H. "Jack" Owoc and against Monster

25 Energy Company on the claim for intentional interference with contractual relations.

26

27

28

### 6. Intentional Interference with Prospective Economic Relations Under California Common Law

Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, and against Monster Energy Company, on the claim for intentional interference with prospective economic relations.

### 7. Conversion Under California Common Law

Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, and against Monster Energy Company, on the claim for conversion.

### 8. Larceny in Violation of California Penal Code § 496

Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, and against Monster Energy Company, on the claim for larceny in violation of California Penal Code § 496.

### 9. False Patent Marking Under 35 U.S.C. § 292

Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, and against Monster Energy Company, on the claim for false patent marking.

### 10. Trade Secret Misappropriation in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.

Vital Pharmaceuticals, Inc. is liable for trade secret misappreciation in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq.    Vital Pharmaceuticals, Inc. maliciously and willfully misappropriated Monster Energy Company's trade secrets.  Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $3,000,000, plus attorneys' fees in the amount of $4,194,590.78, plus expert witness expenses in the amount of $101,028.60, plus costs in in the amount of $1,341,910.44, plus prejudgment interest in the amount of $209,999.10 to September 29, 2023, plus an additional $575.34 per day from September 30, 2023 to the date of this judgment.  Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

- 18 -

1    In addition, as of October 6, 2023, the Court issued a permanent injunction (the

2    "Trade Secrets Injunction"), enjoining Vital Pharmaceuticals, Inc. as follows:

3    Defendant Vital Pharmaceuticals, Inc. ("VPX"), and all of VPX's officers,

4    agents, distributors, servants, employees, consultants, representatives, parent

5    companies, owners, subsidiaries, affiliates, attorneys, and other persons acting

6    in concert with them who receive actual notice of this Permanent Injunction by

7    personal service or otherwise (together, the "Enjoined Persons") are hereby

8    enjoined as follows:

9    1. The Enjoined Persons are permanently enjoined from possessing,

10   accessing, reviewing, using, or disclosing Monster's confidential and

11   proprietary pricing, marketing, strategy, and financial information (the

12   "Trade Secret Information").  For avoidance of doubt, the Trade Secret

13   Information includes any information derived from or created by Monster

14   except that which is demonstrably available to persons in the beverage

15   industry.

16   2. VPX is ordered to take the following steps to remove from its possession,

17   custody, or control any Trade Secret Information:

18   a. VPX shall identify and collect any property or information of

19   Monster from all servers, email servers, computers, hard drives,

20   devices, document management systems, files, and storage media

21   (including, without limitation, USB drives, network-based storage,

22   and cloud-based storage) in the possession, custody, or control of

23   VPX, including, without limitation, any VPX-issued devices in the

24   possession, custody, or control of any employee who joined VPX

25   after working for Monster (the "Collected Information");

26   b. Within sixty (60) days of the effective date of this Permanent

27   Injunction, VPX shall provide Monster's outside counsel of record

28   with a copy of the Collected Information;

- 19 -
JUDGMENT

c. Monster's outside counsel of record will review the Collected Information to identify any Trade Secret Information;

d. Within thirty (30) days of Monster's identification of the Trade Secret Information, VPX shall: (i) remove all Trade Secret Information from VPX's possession; (ii) quarantine and preserve a copy of the Trade Secret Information to, among other things, preserve data in connection with the obligations of VPX and/or its employees in pending litigations.

3. Within seven (7) business days of the issuance of this Permanent Injunction, VPX shall deliver a copy of this Permanent Injunction to all Enjoined Persons.  VPX must deliver a copy of this Permanent Injunction to all new Enjoined Persons within seven (7) business days of the date on which such persons become Enjoined Persons (e.g., hiring).

4. VPX must file a signed, sworn declaration certifying compliance with Paragraphs 2 and 3 of this Permanent Injunction within seven (7) business days after the respective deadlines, with a detailed summary of each step taken to comply with Paragraphs 2 and 3.

Judgment is entered in favor of John H. "Jack" Owoc and against Monster Energy Company on the claim for trade secret misappropriation in violation of the Defend Trade Secrets Act.

**11.    Trade Secret Misappropriation in Violation of the California Uniform Trade Secret Act, Cal. Civ. Code § 3426, <u>et seq.</u>**

Vital Pharmaceuticals, Inc. is liable for trade secret misappreciation in violation of the California Uniform Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426, <u>et seq</u>.  Vital Pharmaceuticals, Inc. maliciously and willfully misappropriated Monster Energy Company's trade secrets.  Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $3,000,000, plus attorneys' fees in the amount of $4,194,590.78, plus expert witness expenses in the

- 20 -

1   amount of $101,028.60, plus costs in in the amount of $1,341,910.44, plus

2   prejudgment interest in the amount of $209,999.10 to September 29, 2023, plus

3   an additional $575.34 per day from September 30, 2023 to the date of this judgment.

4   Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.[1]

5        In addition, Vital Pharmaceuticals, Inc. is permanently enjoined as set forth in

6   the Trade Secrets Injunction.

7        Judgment is entered in favor of John H. "Jack" Owoc and against Monster

8   Energy Company on the claim for trade secret misappropriation in violation of the

9   California Uniform Trade Secret Act.

10

11       **12.    Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,**

12       **et seq.**

13       Vital Pharmaceuticals, Inc. is liable for violation of the Computer Fraud and

14   Abuse Act, 18 U.S.C. § 1030, et seq.  Judgment is entered in favor of Monster Energy

15   Company and against Vital Pharmaceuticals, Inc., in the amount of $15,587.  Monster

16   is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

17       Judgment is entered in favor of John H. "Jack" Owoc and against Monster

18   Energy Company on the claim for violation of the Computer Fraud and Abuse Act.

19       **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter

20   for purposes of the enforcement of the Permanent Injunction, the Interference

21   Injunction, and the Trade Secrets Injunction.

22

23

24   Dated:   January 11, 2024

25                                               Honorable Jesus G. Bernal
                                                 United States District Judge
26

27   _____

28   [1] To avoid double recovery, Monster Energy Company's combined monetary recovery
     on its claims for violation of DTSA and CUTSA shall not exceed the amount of the
     judgment entered by the Court on each claim individually.

- 21 -
JUDGMENT

I hereby attest and certify on 3/1/24
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



1139

JS 44   (Rev. 04/21)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
MONSTER ENERGY COMPANY

**DEFENDANTS**
JOHN H. OWOC a.k.a. JACK OWOC

**(b)** County of Residence of First Listed Plaintiff   Riverside County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Broward County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Eyal Berger, AKERMAN LLP, 201 E. Las Olas Blvd., Suite 1800, Ft. Lauderdale, FL 33301, 954-463-1700

Attorneys (If Known)
Jeffrey Jensen, THE BOESCH LAW GROUP
2917 Santa Monica Blvd., Santa Monica, CA 90404; (310) 578-7880

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | INTELLECTUAL PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | LABOR | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [x] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1963
Brief description of cause:
Registration of Judgment from Another District

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
3/1/2024
SIGNATURE OF ATTORNEY OF RECORD
/s/ Eyal Berger

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____